IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUVETRIA GAMBILL, individually and as parent and natural guardian of CARLOS TATE, an infant, on behalf of themselves and all other persons similarly situated, | ) ) ) ) ) No. CA02-200 (Erie) |
| Plaintiffs, | ) ) Judge Cohill |
| v. | ) ) |
| THE HOUSING AUTHORITY OF THE CITY OF ERIE, a Pennsylvania Housing Authority, | ) ) ) ) |
| Defendant. | ) |

**JOINT MOTION FOR CLASS CERTIFICATION
AND ENTRY OF CONSENT DECREE**

AND NOW COME the parties, Plaintiffs, Luvetria Gambill, on behalf of Carlos Tate, a minor, individually and on behalf of themselves and all other persons similarly situated; Defendant, Housing Authority of the City of Erie, by and through their undersigned attorneys, and, as part of the parties effort to resolve all issues that are the subject of this lawsuit, hereby move this Court to certify a class and enter the attached Consent Decree, and in support thereof, aver as follows:

1. Plaintiffs, Luvetria Gambill and her infant son, Carlos Tate, currently reside at 718 Marne Road, Erie, Pennsylvania 16511.

2. Defendant, Housing Authority of the City of Erie, (HACE"), is a housing authority organized and existing under the laws of the Commonwealth of Pennsylvania, which has a principal place of business located at 606 Holland Street, Erie, PA 16501.

3.  In this lawsuit, the Plaintiffs seek injunctive relief on a class wide basis compelling HACE, in connection with the Section 8 programs it administers, to comply with certain federal statutes and regulations designed to protect children from being lead poisoned as a result of being exposed to deteriorating lead-based paint in and around Section 8 housing.

4.  In paragraphs 31 through 41 of their Complaint, which are incorporated herein by reference, the Plaintiffs set forth the various federal statutes and regulations at issue.

5.  HACE acknowledges that it must follow and enforce certain federal regulations designed to prevent children from being lead-poisoned while living in Section 8 housing, but specifically denies that it has failed to comply with the applicable lead-based paint regulations.

6.  Plaintiffs allege that the above referenced statutes and regulations create federal rights in Section 8 tenants that are enforceable under 42 U.S.C. §1983. HACE specifically denies all such allegations.

7.  Plaintiffs allege that this Court has jurisdiction over the Section 1983 claims asserted by the Plaintiffs in this lawsuit pursuant to 28 U.S.C. §1331 and §1343. HACE specifically denies all such allegations.

8.  Venue for this action properly lies in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

9.  The Plaintiffs seek injunctive relief on a class wide basis specifically on behalf of all families which include a child under six years of age that participate in a Section 8 program administered by HACE and who live in a dwelling unit constructed prior to 1978.

10. This matter may be properly certified as a class action under Fed.R.Civ.P. 23(b)(2) because the Plaintiffs have alleged that HACE, by failing to comply with the applicable federal statutes and regulations, "has acted or refused to act on grounds generally applicable to

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *See Neal v. Casey,* 43F.3d 48 (3rd Cir.1994).

11.     The numerosity requirement of Fed.R.Civ.P 23(a) is met in this case given that there are hundreds of families who fit or fall within the proposed class definition.

12.     The second and third requirements of Fed.R.Civ.P. 23(a). commonality and typicality are met, given that the Plaintiffs are alleging a systemic, class wide failure on the part of HACE to comply with the applicable federal statutes and regulations.

13.     The parties acknowledge and agree that the named Plaintiffs have adequately and fairly pursued and protected the interests of the proposed class.

14.     Attached hereto as Exhibit 1 is a proposed Consent Decree that the parties jointly request be entered by this Court in order to resolve all issues that are the subject of this lawsuit.

15.     Attached hereto as Exhibit 2 is a proposed Final Dismissal and Bar Order that the parties request be entered by this Court if the proposed class is certified and the proposed Consent Decree is entered.

16.     A hearing on final approval of the Consent Decree will be held on Wednesday, August 8, 2007 at 10:00 a.m. before Judge Maurice B. Cohill, Jr., Federal Courthouse, Courtroom A, Second Floor, Erie, Pennsylvania.

WHEREFORE, the parties respectfully request that this Court:

A.     Certify the following class in this matter:

All families which include a child or children under the age of six currently participating, or who have participated, in HACE administered Section 8 programs who reside or have resided in a building or dwelling unit constructed prior to 1978.

B.     Enter the Consent Decree attached hereto as Exhibit 1.

C.   Enter the Final Dismissal and Bar Order after Plaintiffs' counsel have filed and this Court has ruled upon their motion for attorneys' costs and fees.

Respectfully submitted,

| | |
|---|---|
| CARLSON LYNCH | GROGAN, GRAFFAM & MCGINLEY, P.C. |
| By: _____ | By: _____ |
| R. BRUCE CARLSON, ESQUIRE | LEO GERARD DALY, ESQUIRE |
| 231 Melville Lane | Three Gateway Center, 22nd Floor |
| P.O. Box 367 | Pittsburgh, PA  15222-1009 |
| Sewickley, PA  15143 | (412) 553-6300 |
| (412)749-1677 | |
| | Counsel for Defendant, Housing Authority of the City of Erie |
| Counsel for Plaintiffs | |