IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUVETRIA GAMBILL, individually and as parent and natural guardian of CARLOS TATE, an infant, on behalf of themselves and all other persons similarly situated, | ) ) ) ) ) | No. CA02-200 |
| Plaintiffs, | ) ) | Judge Cohill |
| v. | ) ) | |
| THE HOUSING AUTHORITY OF THE CITY OF ERIE, a Pennsylvania Housing Authority, | ) ) ) ) | |
| Defendant. | ) | |

**FINAL DISMISSAL AND BAR ORDER**

The named Plaintiffs and the Plaintiff Class have entered into a settlement with Defendant, Housing Authority for the City of Erie, (hereinafter "HACE" and the "Settling Defendant"), of all claims set forth in the above-captioned civil action, ("the Action"). The Plaintiffs and Defendant moved for dismissal of the Action and have applied to this Court for approval of the settlement, pursuant of Rule 23 of the Federal Rules of Civil Procedure.

On May 17, 2007, this Court entered an Order scheduling a hearing for August 8, 2007, to determine, among other things, whether the proposed settlement should be approved by the Court as fair, reasonable and adequate and judgment entered thereon. The hearing on the proposed settlement was duly held on August 8, 2007.

Upon review and consideration of (a) Joint Motion For Class Certification and Entry Of Consent Decree and all exhibits and attachments thereto; and (b) all of the prior proceedings in the Action:

**EXHIBIT 2**

It is ORDERED, ADJUDGED and DECREED that:

1. The following definitions shall apply to this Order:

a. "Non-settling Person" means

   i. all persons other than Plaintiffs and the Plaintiff Class and defendants other than the Settling Defendant; and

   ii. any future defendant or third-party defendant or other person or entity that asserts any Claims of any nature against the Settling Defendant.

b. "Settling Defendant" means Defendant HACE and shall include, for the purposes of this Bar Order, its past and present officers, directors, agents, employees, attorneys00, consultants, representatives, insurers, affiliates, subsidiaries, predecessors, successors and assigns.

c. "Claim" or "Claims" mean any action, cause of action, claim or proceeding for injunctive relief which has or may be brought against the Settling Defendant either in this Action, or in a separate proceeding by any claimant, relating to enforcement of the federal statutory and regulatory law set forth at Paragraphs 31-41 of Plaintiffs' Complaint.

d. "Plaintiffs" and "Plaintiff Class" means the following persons:

   All families which include a child or children under the age of six currently participating, or who have participated, in HACE-administered Section 8 housing programs who reside or have resided in a building or dwelling unit constructed prior to 1978.

2. All Claims, whether direct or derivative, are hereby dismissed as against the Settling Defendant in their entirety on the merits, with prejudice, and without cost to any party.

3. All Plaintiffs and the Plaintiff Class are permanently barred, enjoined and restrained permanently from filing, maintaining or asserting, either directly, representatively, or in any other capacity, all Claims, whether known or unknown, suspected or unsuspected, which existed in the past, now exist or may exist in the future, in favor of the Plaintiffs or the Plaintiff Class against the Settling Defendant, arising out of, relating to, or based upon the Claim or Claims, the Action or the settlement of the Action. All such Claims are hereby compromised,

settled, released and dismissed as against the Settling Defendant with prejudice and without cost. Nothing in this paragraph shall be deemed a release or waiver of any claim against any of the Non-settling Persons. Further, nothing in this paragraph shall be deemed a release or waiver of any personal injury action against the Settling Defendant.

4. Any Non-settling Person who may assert a Claim against the Settling Defendant based upon, relating to, arising out of the settled or dismissed Claims, the Action or the settlement of this Action, is permanently barred, enjoined and restrained permanently from filing, maintaining, or asserting any such claim or claims for contribution or indemnity or otherwise, however denominated, against the Settling Defendant, as claims, cross-claims, counter-claims or third-party claims in the Action or in any other court, arbitration, administrative agency or forum or, or in any other manner, including but not limited to offset. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

6. The Settlement is hereby approved and shall be consummated in accordance with the terms and provisions thereof. The Settling Parties' Motion to Dismiss the Action is GRANTED and this Action is hereby dismissed.

7. This Final Dismissal and Bar Order, the settlement, and all papers related to it are not, and shall not be construed to be, an admission by the Settling Defendant or a finding by the Court of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any further proceeding.

8. Jurisdiction is hereby reserved over all matters relating to the consummation of the settlement confirmed by this Order.

9. Any action or proceeding to enforce this Order may be brought in this Court.

10. There being no just reason for delay, the Clerk of this Court shall enter this judgment as final pursuant to Fed.R.Civ.P.54.

Dated: _____, 2007

BY THE COURT:

_____
Cohill, J
United States District Judge